# EX PARTE MIGUEL OSCAR HANS SCHNABEL Y RUIZ AND MIGUEL RAFAEL PEDRO SCHNABEL Y RUIZ.

San Juan, Naturalization, Nos. 898 and 899.

### NATURALIZATION UNDER THE JONES ACT.

Naturalization—Germans.

    1. In naturalization under the Jones Act the court has adopted

Ex parte Schnabel y Ruiz.

the rules of the general Naturalization Law as far as applicable. It is therefore unable to naturalize sons of Germans. The Armistice was not a treaty of peace.

Naturalization—Oath of Allegiance.

2. The Jones Act, § 5, requires the son of an alien to take the oath of allegiance within twelve months after coming of age. The court will permit the applicant to take the oath, but will make no order recognizing him as an American citizen until after the ratification of the treaty of peace.

Naturalization—Loyalty.

3. Loyalty must be implied in American citizenship secured through any judicial process of naturalization, under the Jones Act or otherwise.

Naturalization—Change of Name.

4. This court has the right to change the name of an applicant for naturalization.

Opinion filed January 19, 1920.

————

*Mr. F. H. Dexter* for applicants.

HAMILTON, Judge, delivered the following opinion:

The two applicants are twins, who became of age February 16, 1919, and now apply under § 5 of the Jones Act to take the oath of allegiance to the United States in order to become citizens. The evidence shows that they were born in Porto Rico and that this is their permanent residence, and that their father, long since dead, was a German. The applicants now before the court, it should be added, are proved to be Germans only in name. Not only was their sympathy with the United States during the war with Germany, but they have been in France, speak French, their associations are French, one of the

Ex parte Schnabel y Ruiz.

family was in the American Army, and the evidence shows that they are thoroughly American in feeling. This court has consistently refused to naturalize Germans during the prevalence of the war, no matter what their attitude may be towards the United States. The ground of this is that § XII of the Act of 1606 (substantially Revised Statutes, § 2171, Comp. Stat. § 4362, 6 Fed. Stat. Anno. 2d ed. p. 947) denies the right of American citizenship to the natives of any country with which the United States are at war, and the court deems this provision fundamental and applicable to all forms of naturalization. It is quite true that Congress in regard to Porto Ricans in general dispensed with the qualification of necessity for speaking English when it made them citizens under the Jones Act. This act, however, stands by itself and is the exercise of legislation by Congress for no doubt good reasons. Naturalization must as far as possible be construed to be one process, governed by similar principles, and, while Congress can change it in special cases, it is not to be presumed that Congress designs to change its fundamental bases except where this design is apparent. Moreover, whatever may have been the intention of Congress in regard to Porto Ricans in general, made citizens by legislative act, this may not be controlling where Congress has left the declaration of citizenship to a Federal court. In other words, the court has to determine the qualifications for citizenship, and at least the existence of war must be read into every naturalization proceeding before this court.

1. It is on this account, therefore, that the court had declined to admit Germans, no matter how well disposed they might seem to be. In applications under the Jones Act in case of birth and residence here, the court has adopted as far as pos-

Ex parte Schnabel y Ruiz.

sible the blanks used in ordinary naturalization cases. The applicant, therefore, has to abjure foreign sovereignty, whatever it may be, and where it happens to be the German government the court is unwilling, and indeed deems itself unable, to take any action which will make an American citizen out of one who owes allegiance to an enemy government.

It is quite true that hostilities have ceased, and that an armistice was declared between the two governments considerably over a year ago. There has been a treaty of peace negotiated, but the Senate of the United States in its wisdom has seen proper not to ratify the paper. The exact situation, therefore, is that the two countries are at war except so far as this is modified by a military armistice. The armistice does not affect in the slightest the personal relations of the citizens on either side. They are not friendly aliens to each other.

2. The Jones Act provides that the oath must be taken within twelve months after the applicant arrives at majority. It might very well be, although the point is not decided, that if the whole case is laid over until the treaty of peace is signed and this proved to be after the twelve months from majority of the applicant, the court will be unable to proceed further. The proper course, therefore, would seem to be the one pursued in a number of instances, that is to say, to allow the applicant to take the oath, but without entering thereupon any order recognizing him as an American citizen. The wording of § 5 of the Jones Act is peculiar in that it seems to require only the taking of the oath, and there may be the construction had that when the court permits him to take the oath it does all that is required towards making him an American citizen. This is not the construction placed by the court upon the act. The section calls for

at least three things to be proved, and proof implies decision by the court. The court thinks that it is within its jurisdiction when it allows two steps to be taken separately in the matter under the circumstances, that is, the taking of the oath within the twelve months, and the entering of the order only after the ratification of the peace treaty, whenever that may be. In the meantime the applicant is not a citizen, although he has done everything within his power. There is still necessary the final step of judicial declaration.

3. The court, in considering the general rules of naturalization as implied in this proceeding, has asked these applicants questions, which they have satisfactorily answered, as to their attachment to the principles of the Constitution of the United States, as well as their opinions as to polygamy and anarchy. The court does not consider that Congress has designed to make naturalization a purely formal matter. What is wanted, especially under the present circumstances, is only American citizens in the truest sense of the word, and this court is going to give no construction that will secure any other result. Thus it asked these applicants whether, in case of any movement for secession or independence on the part of the community in which they might happen to live, whether that be Porto Rico, New York, California, or anywhere else, they would consider that they could aid in such a movement, or submit to it if any body of men succeeded in establishing it. Loyalty must be implied in American citizenship secured through any judicial process of naturalization. How far it applies under the preceding part of § 5, which declares Porto Ricans citizens without more unless they disclaim within a certain period, it is not necessary to decide, and this point is not to be understood as in

Ex parte Schnabel y Ruiz.

any way decided in this opinion. The point is not before the court and is not passed upon.

All that is decided is that an applicant for naturalization through the process of this court has to have substantially the qualifications required for naturalization by the longer procedure given in the Naturalization Law, with the one exception of the knowledge of English.

4. The applicant herein, who bears the name of Hans, desires to have his name changed to Jean, thus forcibly indicating his desire to separate himself from any German antecedents and adopt a French name. In accordance with the above principles applying the general rules of naturalization to this special proceeding under the Jones Act, it would seem that the court has the right to change the name of an applicant. In § 6 of the Naturalization Act, approved June 29, 1906, it is provided that "it shall be lawful at the time and as a part of the naturalization of any alien, for the court, in its discretion, upon the petition of such alien, to make a decree changing the name of said alien, and his certificate of naturalization shall be issued to him in accordance therewith." [34 Stat. at L. 598, chap. 3592, Comp. Stat. § 4354, 6 Fed. Stat. Anno. 2d ed. p. 975.]

The application will be granted when the court comes to make its order in the premises.

The applicants, therefore, are permitted to take oath, but all orders of court in the premises are deferred until the ratification of peace.

It is so ordered.